No. 3536

Second Circuit

CHILDERS v. CITY OF MONROE ET AL.

(May 18, 1929. Opinion and Decree.)

Hudson, Potts, Bernstein and Sholars, of Monroe, attorneys for plaintiff, appellant.

H. H. Russell, of Monroe, attorney for defendants, appellees.

ODOM, J. B. E. Buffaloe & Co. entered into a contract with the city of Monroe, to build for it a water and light plant, and, to secure the faithful performance of the contract, gave bond, with the United States Fidelity & Guaranty Company of Maryland, as surety; the contract being made and the bond written under Act 224 of 1918.

The contract involved the construction of a "clear water basin" and a "secondary settling basin," the building of which necessitated considerable excavation. Buffaloe & Co., the principal contractor, sublet to J. H. Walker the work of excavating for these basins, the contract, which is in writing, stipulating that the "sub-contractor agrees to furnish all material and perform all work necessary to complete the excavation for the 'clear water basin' and 'secondary settling basin' and to make fills on the lot as shown on plans." Buffaloe & Co. required no bond of Walker, the subcontractor. The subcontractor employed Childers, the plaintiff, to assist in making the excavations, the agreement between them being that Childers should use his teams and laborers to remove the dirt, his compensation being fixed at $7.50 per day for each team and driver, he to pay the drivers. Childers

furnished teams and laborers for a considerable time, his total bill amounting to $2,657.38, on which Walker paid him $1,844.78, leaving a balance due of $812.60, after which Walker defaulted.

Childers promptly filed his claim in the mortgage records of the parish, and gave notice to the city, the principal contractor, and the surety company, of Walker's default. Failing to collect his claim by amicable demand, he brought this suit against the city, Buffaloe & Co., and its surety, the United States Fidelity & Guaranty Company, and Walker, asking judgment against them in solido for the amount of his claim, together with 10 per cent attorney's fees, and asking that his lien be recognized against the water and light plant belonging to the city.

All parties, except Walker, answered, and issue as to Walker was joined by default. There was judgment for plaintiff against all parties in solido, with recognition of a lien and privilege in favor of plaintiff against the property of the city; the lien being referred to the bond.

This appeal is by plaintiff, his counsel assigning the following errors:

1. That plaintiff is not entitled to a lien upon the real estate of the city; and

2. That the lien should not have been referred to the bond.

The defendants, except Walker, answered the appeal and asked that the judgment appealed from be reversed, and assigned the following error:

"That the District Court erred in holding that the statutes of Louisiana governing contracts for public works extended to persons who rent mules to subcontractors engaged on public works the protection of the surety bond given to guarantee payment of those who furnish material for the construction, perform labor or do work, or furnish materials and supplies for use in machines used in the construction."

## OPINION.

Plaintiff in his petition alleged that he was entitled to a lien on the city's property, and asked that the same be recognized, and judgment was granted him accordingly.

Now that plaintiff has abandoned his claim to the lien and asked that the judgment be so amended as to eliminate reference to a lien, and, as none of the appellees object, we shall so amend the judgment. It follows then that the part of the judgment which refers the lien to the bond should also be stricken out.

Appellee contends that the court erred in holding that Act 224 of 1918, governing contracts for public works, extends to and protects claims for rent of mules to subcontractors, the contention being that said act and bonds written thereunder, and according to its provisions, protect only those who furnish material for, perform labor and do work in connection with, the construction of such works.

The letter of the law is plain, section 1 of the act providing that, when public buildings, public roads, or public work of any character are to be constructed under a contract in excess of $500 at the expense of the state, parish, city, etc., it shall be the duty of the official representative thereof to reduce the contract to writing and to require bond of the contractor for the faithful performance of the contract, and "with an additional obligation for the payment by the contractor and by all subcontractors for all work done, labor performed, or material furnished in the construction, erection," etc., of such works or improvements.

There is no contention that the contract and the bond in this case were not written in accordance with the provisions of this act; and it is not contended that said contract and bond did not protect those who furnished materials and work for the subcontractor. But counsel contends that bills for teams rented to the subcontractor are not covered by the statute.

The confusion in this case, we think, has arisen over a misconstruction or a misinterpretation of the contract between the plaintiff, Childers and the subcontractor, Walker. The pleadings and the testimony show that the contract between the two was that Childers should furnish teams and drivers to excavate for the basins. Childers to receive $7.50 per day for each team and a driver. In figuring the compensation which Childers was to receive, it seems that he figured his teams at $5 per day and his drivers at $2.50 per day each. The parties seem to have called this a contract for mule or team rent. But whatever they may have called it, it was in fact a contract to excavate, move dirt in connection with the building of the water and light plant. Childers, the plaintiff, hired his own drivers and put them in charge of his teams, and, with the teams and drivers, the work was done. In other words, Childers did the work and used the teams to accomplish it. Our construction of the contract is that it was no more nor less than a contract to do work and that plaintiff's claim is fully protected by the contract and bond.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be so amended as to eliminate all reference to the lien and bond; and, as thus amended, it is affirmed, with costs.