The School Board of the Parish of Terrebonne entered into a contract with Lionel F. Favret to construct a high school building in the City of Houma for a sum of slightly less than $600,000. The United States Fidelity Guaranty Company became surety on the contractor's bond, and both the contract and bond were duly recorded in the Parish of Terrebonne. The contractor sublet to O'Neil and Aicklen, a commercial partnership composed of John E. O'Neil and Arthur Aicklen, a portion of the work which he had undertaken to do; the latter was to furnish the necessary labor for the masonry work, including tools, scaffolding and the equipment for doing this work, and the contractor was to furnish all the material for the building.
O'Neil and Aicklen began this work and purchased from the plaintiff lumber company lumber and nails to the amount of $274.91 for the building of such scaffolding and mortar box forms necessary to do the masonry work.
The sub-contractors defaulted on their contract and the contractor completed their contract for their account. The lumber company filed a lien for its claim, and, failing to obtain a settlement of its claim, filed a suit against the said O'Neil and Aicklen, Lionel F. Favret, contractor, and his surety, asking for a judgment against them in solido for the claim, plus ten per cent attorney's fees, and also joined the School Board of the Parish of Terrebonne and another claimant and prayed for a concursus proceeding.
The substance of the answers to defendant Favret and his surety is that the claim of the plaintiff is not lienable under the law; that, therefore, plaintiff cannot hold him and *Page 258 
his surety for the material sold to the subcontractors for the reason that the material so sold was not incorporated into the building or consumed in its construction, but was merely material which could be used and re-removed from the premises after the job was completed. Defendant Favret raises other issues connected with the balance due him under the contract by the school board, but these matters are not involved in this case.
Since O'Neil and Aicklen made no appearance in the case, judgment was rendered against them by default. Upon trial of the case between the contractor, his surety and the Parish School Board, the trial court dismissed the suit of plaintiff as to Favret and the school board, but, evidently by oversight, failed to dismiss the suit as to the surety company. Judgment was further rendered in favor of Favret against the school board for the balance due under his contract, ordering the Clerk of the District Court, in whose custody said balance had been deposited by the said school board, to pay unto the said Favret the amount so deposited and also ordering said clerk to cancel all liens existing against the contract. Plaintiff has appealed only from that part of the judgment which rejected his demand against defendant Favret and his surety. The latter has filed an answer to the appeal, asking for an amendment of the judgment so as to reject plaintiff's claim as to it.
The only question before us on this appeal is whether or not the judgment correctly denied plaintiff his right to recover from Favret and his surety.
There is no dispute as to the correctness of plaintiff's claim for the lumber and nails sold to O'Neil and Aicklen, nor that this lumber and nails were delivered on the job and were used by them in making scaffolding and mortar boxes to be used in doing the masonry work on the school building.
It is well established that the sub-contractors defaulted on their contract and that Favret took over their work and completed it. Defendant Favret continued to use the scaffolding and mortar boxes made from this lumber purchased from plaintiff by O'Neil and Aicklen; and that when Favret completed the O'Neil and Aicklen's contract, the scaffolding and forms were hauled off of the job by Favret and are now stored in New Orleans for the account of O'Neil and Aicklen. Plaintiff contends and relies for recovery of its claim against Favret and its surety on the following: (1) Under Act 224 of 1918, as amended by Act No. 271 of 1926, it had a lien and privilege on the building; (2) defendant Favret used this material in completing the job and received the benefits thereof; and (3) after the default of said O'Neil and Aicklen, the defendant Favret agreed to pay it its claim.
It is to be noted that none of the material sold by plaintiff to the sub-contractors went into the building under construction nor was this material consumed in the construction of the building.
Under the ruling of the Supreme Court in the case of Hayes Lumber Co. v. McConnell et al., 176 La. 431, 146 So. 14, the trial judge was correct in holding that the plaintiff had no lien on the funds due the contractor and had no lienable claim against the surety under Act 224 of 1918, as amended. It seems that the Supreme Court has drawn the line so as to exclude liens under that act against the contractor and his surety unless the material sold the contractor or a sub-contractor was incorporated into the work so as to become a part of it, or where the material was used up and became extinguished in the construction of the work, as was the dynamite, fuses and caps consumed in clearing a right of way in the case of Long Bell Lbr. Co. et al. v. Carr Construction Co. et al., 172 La. 182, 133 So. 438. See, also, Rester v. Moody Stewart et al., 172 La. 510, 134 So. 690, and the recent case of Louisiana Highway Commission v. McCain, La.Sup., 1 So.2d 545.
The bond signed by the contractor and the surety company itself provides that if the contractor or any sub-contractor should fail to pay for any labor, materials, team hire, sustenance, provisions or any other supplies or materials used or consumed by such contractor or sub-contractor in the performing of the work to be done, the surety agrees to pay the same; while this provision in the bond is beyond the requirement of the law and would cover the claim of the plaintiff in this case, yet the Supreme Court has held that the liability under the bond is limited to the statutory requirement and liability, and other provisions in the bond tending to enlarge and extend liability under the bond is disregarded and only the statutory liability is considered. See Long Bell Lbr. Co. et al. v. Carr Const. Co., supra, and cases therein cited.
As to the plaintiff's second contention, it presents a very equitable and plausible reason as to why Favret should be *Page 259 
compelled to pay for it. However, the material was sold to O'Neil and Aicklen and the mere fact that Favret used it for his own benefit and now holds a part of it for the account of O'Neil and Aicklen, does not give any more legal right to make Favret pay for this material, than would any other creditor have to force a third person to pay for an article which his vendee and debtor had permitted another to use and derive benefits therefrom under a transaction between the vendee and a third person. As between plaintiff and Favret in this case, Favret is a third person in his relation to the plaintiff. We therefore see no liability flowing from Favret's actions in the premises.
In the consideration of plaintiff's third contention, the evidence being introduced over the objection of Favret, there is a letter in the record from Favret to plaintiff, replying to a demand for payment of this bill in which Favret states that he was unable to advise definitely if the contract of O'Neil and Aicklen, which he had taken over, would permit a payment of the claim and requested that plaintiff take the matter up with him later. In explanation of this letter, Favret states that he meant that if there were a sufficient amount left after completing the said sub-contract he intended to use such amount in paying the subcontractors' delinquent bills. However, his testimony, which stands uncontradicted, is to the effect that there was a loss rather than a balance due to the sub-contractor.
An effort was made to prove by the testimony of both Mr. O'Neil and Mr. Aicklen that defendant Favret agreed to pay this bill with others when he took over the sub-contract. The objection was made to this evidence, which objection was good for at least three reasons: (1) It was not alleged in the pleadings that Favret had assumed this debt; (2) it was an effort to hold Favret for the debt of a third person by parole evidence; and (3) that it tended to vary a written agreement signed by O'Neil and Aicklen in their letter to Favret of August 26, 1939, in which they consented that Favret take over and complete their job without cancelling their contract. Admitting, for the sake of argument, that the testimony was admissible, we are of the opinion that such testimony sought to be adduced and admitted was not sufficient to prove that Favret had agreed to pay plaintiff's claim or that he had assumed the obligation of the sub-contractors under their contract.
As previously stated, the trial court evidently failed by oversight to dismiss plaintiff's suit as to the defendant surety company, and, therefore, the judgment of the District Court is hereby amended so as to decree that plaintiff's suit is also dismissed as to defendant United States Fidelity Guaranty Co., and, as thus amended, the judgment is affirmed.