180 So.2d 425 (1965)
Emmanuel F. MAYEAUX, d/b/a Moreauville Concrete Works, Plaintiff-Appellee,
v.
LAMCO, INC. and Trinity Universal Insurance Company, Defendants-Appellants.
No. 6461.
Court of Appeal of Louisiana, First Circuit.
November 11, 1965.
*426 Harry Simmons, of Seale, Hayes, Smith & Baine, Baton Rouge, for appellants.
David Irvin Couvillion, Marksville, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
ELLIS, Judge.
In this case the plaintiff is seeking to recover $3,215.93, plus 10% attorneys fees from Lamco, Inc., and Trinity Universal Insurance Company under the provisions of R.S. 38:2241-2248. Those are the statutory *427 provisions regulating claims of materialmen and laborers under public contracts. The lower court awarded judgment in solido as prayed for and the defendant, Trinity Universal Insurance Company, has prosecuted this appeal.
Lamco, Inc., was the prime contractor for the Louisiana Department of Highways for the construction of a road between Odenberg and Woodside. Trinity Universal Insurance Company wrote the statutory surety bond and the bond and contract were properly recorded in Avoyelles Parish. Lamco, Inc., has not answered the instant suit and judgment by default is now final against that defendant.
Emmanuel F. Mayeaux, d/b/a Moreauville Concrete Works, furnished materials, labor and equipment as needed by Lamco, Inc., in the construction of the road. When these items were required by Lamco, Inc., Moreauville Concrete Works was requested to furnish them and a sales ticket was made to cover the item or items. The amount claimed is the balance due under that working arrangement.
According to the sales tickets filed in evidence by the plaintiff, $2,152.77 of the amount claimed is for labor and material and the remaining $1,063.16 is for rent of the various pieces of equipment and the drivers or operators of that equipment.
Trinity Universal Insurance Company answered the plaintiff's petition and filed a third party demand against Lamco, Inc., under the indemnity clause of the surety contract, as well as personal actions against Paul A. Lambert and Richard A. Coco, personal indemnitors of Lamco, Inc. That portion of this case is not before this court at the present time.
Plaintiff contends that this cause of action is grounded in R.S. 38:2247 and that R.S. 38:2242 is consequently inapplicable. Defendant contends that plaintiff is not entitled to recover the $1,063.16 representing the rental charges because these are specifically excluded by a 1960 amendment to R.S. 38:2242. In addition, plaintiff having failed to prove the entire account, no attorneys fees are recoverable under the language of R.S. 38:2246. The judgment of the lower court insofar as the award for $2,152.77 is concerned, is unquestioned and, accordingly, affirmed. A proper determination of this case requires a careful and comprehensive analysis of R.S. 38:2242, R.S. 38:2246 and R.S. 38:2247.
R.S. 38:2242 as amended by Act 59 of 1960 provides as follows:
"Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or furnishing materials and supplies for use in machines used in the construction, alteration, or repair of any public works, excluding persons to whom money is due for the lease or rental of movable property, may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. After the filing and recordation of claims, any payments made by the governing authority without deducting the amount of the claims so served on it shall make the authority liable for the amount of the claims."
It can readily be seen that the quoted statute specifies the class of persons covered, the action members of that class may take, the time for taking that action and the effect of taking the action. Insofar as plaintiff seeks to recover for rental of manned equipment, the claim must be denied under the specific statutory exclusion which takes plaintiff out of the class of persons covered. In addition, plaintiff did not "file a sworn statement of the *428 amount due him with the governing authority having the work done." Therefore, the effect, that of making the governing authority liable for the claims unless a sufficient amount was deducted by the authority from subsequent payments, never became operative in the instant case.
Plaintiff does not claim a lien on the money due from the State to the prime contractor, however, and specifically denies that this action is grounded in R.S. 38:2242. Plaintiff relies entirely on R.S. 38:2247 as amended by Act 117 of 1960 and again by Act 16 of 1962, which provides as follows:
"Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor's bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana."
That statutory provision provides a guide to the construction of the "Part", the "Part" being Part III of Chapter 10 of Title 38 of the Louisiana Revised Statutes, or R.S. 38:2241-2248. Specifically 2247 provides that even though no lien is created in a given case because of failure to meet the requirements of 2242 "any person or claimant within the terms of this Part" shall not be deprived of "his right of action on the contractor's bond." Section 2247 thus provides an avenue, or a cause of action, directly against the surety even in a case where no lien has been created under 2242. However, there is nothing in 2247 to enlarge the class of persons entitled to coverage as set forth in 2242. The phrase in 2247 "any person or claimant within the terms of this Part" can only refer back to the class of persons specified in 2242 from which plaintiff was specifically excluded. Therefore, plaintiff is not entitled to recover the rental of manned equipment either by lien against monies held by the governing authority or directly against the surety. Statutory bonds are required to be strictly construed in accord with the statutory provisions governing them. Long Bell Lumber Company v. S. D. Carr Const. Co., 172 La. 182, 133 So. 438; Terrebonne Lumber & Supply Co. v. Favret, La.App., 2 So.2d 256.
Plaintiff contends that R.S. 38:2241 is broader than 2242 and does allow recovery for manned rental equipment. Actually, 2241 does not refer to "persons" at all, but to those general items for which recovery may be had. The jurisprudence of Louisiana is to the effect that recovery for manned rental equipment is not available as against the contractor's bond. The following language from Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545, 547, is illustrative:
"It appears to be well settled that materials which form a component part of the completed structure or are consumed in the work are considered covered by the contractor's bond given under *429 the provisions of Act No. 224 of 1918 and that the surety on such bond is liable therefor. On the other hand, it is equally well settled that the instrumentalities forming a part of the contractor's plant or equipment used in doing the work which survive the performance and remain the property of their owner after the completion of the contract are not covered by the bond given under the aforementioned act, and the surety is not liable for such."
Plaintiff, in the alternative, contends that the $1,063.16 is not a charge for rental of manned equipment but payment of work done under a subcontract. He rented manned equipment when and as needed by Lamco, Inc. The case of Childers v. City of Monroe, 10 La.App. 701, 122 So. 135, was distinguished in Martinolich v. Albert, La.App., 143 So.2d 745, and we believe that in the instant case it should be likewise distinguished. In the Childers case the court found the plaintiff to be a subcontractor of the subcontractor. In the instant case, plaintiff was not a subcontractor in the sense that he was obligated to perform specified work for a specified sum. He was rather a furnisher of supplies, material and manned equipment on call.
Nor is this court inclined to allow recovery of a part of the $1,063.16 which might, through the introduction of additional evidence, be shown to be allocable to the lessor's cost of labor for the men furnished with the equipment, gasoline, oil and maintenance. These items, when paid by the lessor out of the rent, form a part of the rent and cannot be severed from it.
Plaintiff is not entitled to recover ten per cent attorneys fees because he has not recovered the "full amount" of his claim as required by R.S. 38:2246.
Accordingly the judgment of the District Court is annulled and reversed as to the award in favor of the plaintiff in the sum of $1,063.16 and ten per cent attorneys fees. In all other respects the judgment is affirmed.
Cost in the lower court and on appeal are hereby assessed against Trinity Universal Insurance Company.
Affirmed in part. Reversed in part.