286 So.2d 134 (1973)
SUPER CONSTRUCTION CO., INC.
v.
NEW ORLEANS LEVEE BOARD et al.
No. 5466.
Court of Appeal of Louisiana, Fourth Circuit.
June 19, 1973.
Dissenting Opinion December 10, 1973.
Rehearing Denied December 10, 1973.
Writ Refused February 1, 1974.
*135 Leroy J. Falgout, Metairie, for plaintiff-appellant.
George T. Oubre, Norco, for defendants-appellants.
Before SAMUEL, LEMMON, and GULOTTA, JJ.
GULOTTA, Judge.
This is a suit by a furnisher of equipment and labor for the amount allegedly owed by a subcontractor in connection with the construction, renovation and repair of a levee under a public works contract and for recognition of plaintiff's lien and privilege. The suit is directed against the Levee Board, Fremin-Smith Services, Inc., general contractor, its insurer, American Employer's Insurance Company, and Supreme Construction Company, Inc., subcontractor.
The trial court rendered judgment in favor of the plaintiff for the sum of $7,668 and against Fremin-Smith Services, Inc., and its insurer. Defendant, Fremin-Smith, suspensively appeals from that judgment. American Employer's Insurance Company, the insurer, also seeks reversal of the judgment below and was granted an appeal though no written motion for appeal or appeal bond was filed by them. Additionally, plaintiff appeals from a denial of their claim for attorneys' fees.

MOTION TO DISMISS
At the outset, plaintiff seeks dismissal of both Fremin-Smith's and its insurer's suspensive appeal.
The record reflects the following chronology:
(1) January 3, 1972Judgment in favor of Super against Fremin and insurer. Notice of judgment to all parties mailed on that day.
(2) No Motion for New Trial filed within three days.
(3) January 7, 1972Suspensive appeal period commenced.
(4) January 24, 1972Time expired for filing a suspensive appeal.
(5) January 27, 1972Motion for Appeal and appeal bond filed.
(6) January 31, 1972Suspensive appeal denied by trial judge because appeal time had elapsed and bond was inadequate.
(7) February 8, 1972Supplemental appeal bond filed on behalf of Fremin-Smith only.
(8) February 18, 1972Suspensive appeal granted to both parties.
It is plaintiff's contention that the first motion for suspensive appeal and the first appeal bond were not timely filed. Moreover, *136 the bond was insufficient and defective because the principal did not sign the bond, and the surety did not attest that he possessed in excess of his liabilities the amount for which he is bound.
Plaintiff further complains defendant Fremin-Smith did not timely file a corrected supplemental appeal bond within four days[1] from the date of the rendition of the judgment denying the suspensive appeal because of the defectiveness and inadequacy of the bond. Plaintiff further suggests that Fremin's insurer failed to file a supplemental appeal bond; therefore, we are without jurisdiction to consider the insurer's appeal. Consequently, they argue the judgment is final as it pertains to American Employers Insurance Company.
On the other hand, it is defendant Fremin-Smith's contention that a second appeal bond was filed purportedly to correct the irregularities or defects of the first; and, therefore, the appeal is viable as a suspensive appeal since no complaint has been made of the irregularities or defects of the supplemental bond as required by LSA-C.C.P. art. 2161.[2] Moreover, defendant argues that if untimely filed for a suspensive appeal, the bond meets the requirements for devolutive appeal. Defendant insurer suggests that the motion and order for appeal filed herein included American Insurance as well as Fremin-Smith and while American Insurance did not file an appeal bond, nevertheless, the filing of the appeal bond by Fremin-Smith meets the requirements of an appeal bond for the remaining defendant, American Insurance.
We direct our consideration first to Fremin-Smith's appeal. It is apparent that the court erroneously granted a motion for suspensive appeal on February 18 when the time for filing the same had elapsed. LSA-C.C.P. art. 2123. Moreover, the supplemental appeal bond on behalf of Fremin-Smith was untimely filed for a suspensive appeal because it was not filed within four days from the order holding the appeal bond insufficient. LSA-C.C.P. art. 5124. Nevertheless, the motion and appeal bound is timely for a devolutive appeal. LSA-C.C.P. art. 2087.
Furthermore, we find no merit in Super's suggestion that the appeal should be dismissed because of the defects in the bond. No attempt was made to test the sufficiency or validity of the supplemental appeal bond as required under LSA-C.C.P. art. 5123. Absent compliance with the codal provisions, plaintiff cannot now seek to have the appeal dismissed for deficiency or insufficiency of that bond.[3]
Accordingly, Fremin-Smith is properly before us on appeal.
Now considering American Employer's (Fremin-Smith's insurer's) appeal,[4] there is some jurisprudence that only one appeal bond is required for multiple appellants from a single judgment.[5] However, it is arguable that the surety for one appellant *137 is bound and can be executed against only for that judgment rendered against it and is not responsible, and has not bound itself, as surety for payment of any judgments and costs which may be rendered against other parties. Nevertheless, in the instant matter where the casting in judgment of the insured results in liability on the part of the insurer, the question is academic. The same result is reached whether or not the appeal by American Employer's is dismissed.

MERITS
Turning to the matter on its merits, Fremin-Smith contends that it cannot be held responsible to Super for the amount allegedly owed by Supreme for the reason that the plaintiff was the furnisher of rental equipment and, as such, is excepted from the provisions of LSA-R.S. 38:2242 providing for recognition of liens and privileges for furnishers of materials. Fremin further argues that assuming that the provisions of LSA-R.S. 38:2242 apply to plaintiff, that under the provisions of the contract between Fremin and Supreme, the subcontractor was prohibited from assigning or subletting any part of its contract without Fremin's written approval. Therefore, according to Fremin, the failure to obtain written approval is a bar to Super's action against Fremin. Fremin further suggests in brief that Super's claim against them is res judicata for the reason that in a prior concursus proceeding in St. Charles Parish entitled Fremin-Smith v. Supreme Construction Company, in the 29th Judicial District, the court discharged Fremin-Smith from any responsibility to plaintiff. They argue that upon the deposit in the registry of the court of the amount held by them for the credit of Supreme and after a judgment had been rendered recognizing the outstanding claims against Supreme, the discharge of Fremin-Smith bars the present claim of Super for the reason that Super's claim against Supreme was asserted in that concursus proceeding.
Considering the contentions of defendant in reverse order, we find no merit to the plea of res judicata filed herein. Res judicata is not applicable as between Super and Fremin in the Civil District Court suit but would be applicable perhaps as between Super and Supreme. The concursus judgment was only in relation to the outstanding claims against the funds for the credit of Supreme deposited by Fremin in the registry of the court. The concursus proceeding only resolved the issue of funds in the possession of Fremin belonging to Supreme against which plaintiff made a claim. It did not resolve and did not have before it any claim that Super may have had against Fremin for Fremin's liability; therefore, res judicata is not applicable against Fremin and Fremin's insurer. This exception was properly overruled by the trial judge.
We also find no merit in the argument of defendant Fremin-Smith that the failure of Supreme to obtain approval from the general contractor to assign or sublet any part of the contract is a bar to plaintiff's recovery. This provision is only effective as between the parties to the agreement. Fremin-Smith may have some recourse against Supreme for any alleged breach; however, if such occurred, it cannot be the basis for denying plaintiff's claim against Fremin-Smith and its insurer.
Therefore, the primary question before us is whether Super is in the position of a furnisher of rental equipment, and as such can pursue his claim only against the subcontractor or whether Super is in the position of a furnisher of materials and labor and as such can pursue his claim against the general contractor. Our consideration of the record convinces us that plaintiff furnished equipment and labor on a cost plus basis and as such is entitled to recovery against the prime contractor. The oral agreement entered into between Super and Supreme was that equipment *138 and labor would be provided for the construction work on the levee at a price of $13.50 per hour. Phillip Capitano, president of Super, stated he was provided plans and specifications for the work on a particular section of the levee and he supervised the use of the equipment and laborers. He reiterated on several occasions in his testimony that he exercised the responsibility of control and supervision over the job. H. A. Smith, general contractor, testified that he did not know whether or not the equipment was rented; however, he admitted that when on site inspections were made, he was unable to determine whose equipment was being used or whose employees were operating the equipment. He consulted only with the person who was the superintendent for Supreme. It is clear, therefore, that this witness could not testify as to the measure of control and supervision exercised by Capitano over the use of the equipment. Capitano's testimony stands uncontradicted.
Accordingly, it is our conclusion that Super is a provider of materials and labor and entitled to recovery against Fremin-Smith and its insurer.
Finally, plaintiff directs its appeal to the failure of the trial judge to grant attorneys' fees as provided for under LSA-R.S. 38:2246. The statute requires that when the full amount of the claim is recovered and when amicable demand for payment of that amount had been made upon the principal and surety without avail within 30 days of that demand, then 10 percent attorneys' fees is allowed on the amount recovered. Those requirements have been met.[6]
Therefore, plaintiff is entitled to recover attorneys' fees as set forth in the statute. Accordingly, the judgment in favor of plaintiff Super Construction Company in the sum of $7,668.00 together with legal interest from date of judicial demand until paid against Fremin-Smith and American Employer's Insurance Company is amended to include an additional sum of $766.80 for attorneys' fees. As amended, the judgment is affirmed. Costs to be paid by defendants-appellants.
Amended and affirmed.

ON APPLICATION FOR REHEARING
LEMMON, Judge (dissenting).
After considering the application for rehearing and reviewing the record, I have now concluded that Super failed to prove that it qualified for the privilege accorded by R.S. 38:2242.
Our original opinion recognized Super's privilege based on the unsupported statement of Phillip Capitano, its president, that he supervised and controlled the work on a certain section of the levee under a subcontract from Supreme Construction. While H. A. Smith, president of the general contractor, Fremin-Smith Services, Inc., could not directly contradict this statement because he was not on the job at all times, he did indirectly contradict Capitano's assertion by stating that Supreme Construction Company, Inc. had rented equipment from several firms and that to the best of his knowledge Supreme exercised complete supervision and control over all the rented equipment.[1]
However, two other factors have convinced me that Super failed to carry its burden of proof. First, Super's invoices specifically stated that all charges were for "rental" of manned equipment. While Capitano attempted to explain that this was a clerical error, the invoice still furnishes some contradictory evidence to his statement that he exercised complete supervision and control. Second, Super failed to produce a representative from Supreme Construction *139 Company to support Capitano's assertion that Super exercised complete supervision and control in constructing the levee and did not lease equipment which was supervised by Supreme. Super had the burden of proving this point in order to qualify for the privilege, and the failure to produce this crucial evidence compels the conclusion that Super failed to sustain its burden.
In my opinion a rehearing should be granted, limited to this issue.
NOTES
[1] LSA-C.C.P. art. 5124 reads in part:

"Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety."
[2] A Motion to Dismiss was not filed within three days of the return date or the date the record was lodged because of irregularities, defects, or errors. See LSA-C.C.P. art. 2161.
[3] LSA-C.C.P. art. 5123. See also Phillips v. West, 139 So.2d 274 (La.App.1st Cir. 1962).
[4] The appeal bond and supplemental bond was filed on behalf of Fremin-Smith only.
[5] Succession of Smith, 150 So.2d 842 (La.App.3rd Cir. 1963); Humble Oil & Refining Company v. P. J. Chappuis, II, 236 So.2d 272 (La.App.3rd Cir. 1970).
[6] Amicable demand was made on the defendants and their surety by letter dated July 24, 1967, to no avail.
[1] Smith visited the job location about three times per week.