345 So.2d 567 (1977)
HARVEY CANAL TOWING CO., INC.
v.
GULF SOUTH DREDGING CO., INC.
No. 7988.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1977.
Rehearing Denied May 17, 1977.
Pilié, Pilié & Landry, M. Arnaud Pilié, New Orleans, for plaintiff-appellee.
James R. Conway, III, Charles F. Seemann Jr., New Orleans, for defendant-appellant.
Before BOUTALL, MORIAL and BEER, JJ.
MORIAL, Judge.
Harvey Canal Towing Co., Inc. (Harvey) seeks payment from Gulf South Dredging Co., Inc. (Gulf) and its surety, Maryland Casualty Company (Maryland), for towing services rendered between June 1974 and July 1975. Gulf, having entered into several federal and state contracts as principal contractor was required pursuant to the provisions of LSA-R.S. 38:2241 et seq., to obtain performance and payment bonds with a solvent surety. The statutorily required bonds were obtained from Maryland.
The district court found that Harvey had performed the services alleged and rendered judgment against Gulf in the amount of $77,772.75 out of which amount a judgment was rendered against Maryland for $43,685.05. Maryland filed a motion for new trial and an exception of lack of jurisdiction arguing that the state court had no jurisdiction over any proceedings previously conducted over a claim arising out of a federal contract. Harvey admitted that the court lacked jurisdiction over the federal contracts and filed a motion to amend the judgment to reflect the limitation of Maryland's liability in this suit to its obligation *568 as surety under a state contract. Specifically Harvey argued that Maryland was liable for $1,868.75 for towing services as listed in Invoice No. 07-20574 which work Harvey contends was done in connection with a project for the St. James Parish Police Jury. Maryland opposed the amendment claiming it had no exposure for those particular services listed in Invoice No. 07-20574. The trial judge amended the judgment as requested by Harvey. Maryland appeals. We affirm.
Gulf contracted with the St. James Parish Police Jury to perform drainage improvements in the Parish of St. James. Harvey was engaged to haul barges and boats to the job sites. Harvey was employed each time towing service was required. Their equipment was not continually in use by Gulf on the project.
Two issues are presented to the court on appeal: (1) whether or not the towing services covered by Invoice No. 07-20574 were performed in connection with the St. James Parish Police Jury contract and (2) if the court finds the services were performed in conjunction with the St. James contract, is the contractor's surety liable for the payment of those towing services under the provisions of LSA-R.S. 38:2241-38:2247.
Maryland argues that Harvey failed to prove that the services listed in Invoice No. 07-20574 were done in connection with the St. James Project relying on a log attached to the invoice showing the route taken by a tug on that job. Maryland argues that the log reflects that the job in question consisted of towing a barge from the Harvey lock to Donaldsonville which is not located in St. James Parish. Maryland disputes the testimony of Earl Creighton, a former Gulf superintendent, that he was able to link a job with a certain project in spite of the fact that he was not physically on the job.
Whether or not a certain towing job was done in furtherance of a particular contract was a question of fact to be determined at the trial. Apparently, the trial judge concluded that Mr. Creighton was able to keep track of the particular services being performed for his company on a certain project at any given time. Further proof of the connexity of the job and the St. James project was the fact that the words "St. James Parish Police Jury-Gulf So. Job # 7320" were written on the invoice at issue. The log relied on by Maryland merely reflects the route of a tug on a job but does not specify the contract which is being serviced by that job. On the basis of the Creighton testimony and Invoice No. 07-20574 we find that the towing services in question were performed in furtherance of the St. James Project.
Maryland argues that Harvey does not come within the provisions of LSA-R.S. 38:2241 et seq. because it is a lessor of manned equipment. Maryland also argues that Harvey did not supply any materials which were incorporated into the project. In support of its argument Maryland relies on Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545 (1941) and Mayeaux v. Lamco, Inc., 180 So.2d 425 (La. App. 1 Cir. 1965).
At the time the alleged cause of action arose LSA-R.S. 38:2241 provided as follows:
"Whenever the state or any state board or agency or any political subdivision of the state enters into a contract in excess of one thousand dollars for the construction, alteration, or repair of any public works, the official representative of the governing authority shall reduce the contract to writing and have it signed by the parties. He shall require of the contractor a bond, with good, solvent, and sufficient surety in a sum not less than fifty percent of the contract price for the faithful performance of the contract with an additional obligation for the payment by the contractor or subcontractor for all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works, or for furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works. No modifications, omissions, additions in or to the terms of the contract, in the *569 plans or specifications or in the manner and mode of payment shall in any manner affect the obligation of the surety. The bond shall be executed by the contractor with surety or sureties approved by the officials representing the state, state board or agency, or political subdivision and shall be recorded with the contract in the office of the recorder of mortgages in the parish where the work is to be done not later than thirty days after the work has begun."[1]
LSA-R.S. 38:2242 provides:
"Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works, excluding persons to whom money is due for the lease or rental of movable property, but including any architect and any consulting engineer engaged by the contractor or subcontractor in connection with the building or other public work, may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. After the filing and recordation of claims, any payments made by the governing authority without deducting the amount of the claims so served on it shall make the authority liable for the amount of the claims."
The jurisprudence is clear that in order for a claimant to hold the prime contractor or surety liable under LSA-R.S. 38:2241, it is a prerequisite either that there be privity of contract or that the claimant furnish labor or materials to a contractor or subcontractor. Richard and Gaudet v. Housing Auth., City of Lafayette, 323 So.2d 168 (La.App. 3 Cir. 1975); Moore v. Coastal Contractors, Inc., 188 So.2d 467 (La.App. 3 Cir. 1966); Brouillette v. Atlas Construction Company, 151 So.2d 582 (La.App. 2 Cir. 1963).
Harvey meets both requirements. Harvey contracted directly with Gulf, the principal contractor on the construction project. Having established privity of contract plaintiff is entitled to make a claim against the surety.
We also find that plaintiff has performed work within the meaning of LSA-R.S. 38:2241 et seq. See Pyburn v. Popich Marine Construction, Inc., 186 So.2d 674 (La. App. 4 Cir. 1966); Childers v. City of Monroe, 10 La.App. 701, 122 So. 135 (2 Cir. 1929).
The cases relied on by Maryland are inapplicable to the facts of this case. Mayeaux, supra merely upheld the provision of LSA-R.S. 38:2242 excluding persons to whom rental was due for the lease of movables from the class of persons therein covered. In Louisiana Highway Commission v. McCain, supra the court held that the surety was not liable for the rental of a barge which served as a temporary bridge while a bridge was being constructed. There the court relied on Colonial Creosoting v. Perry, 169 La. 90, 124 So. 182 (1929) which held that a contractor should furnish machinery and implements necessary to perform the contracted work at his own expense.
However, a distinction must be drawn between the rental of machinery and equipment and hiring a carrier who is in the business of providing towing services on water to perform a certain portion of the work necessary to complete the public work. Harvey hired its own employees and captains to man the tugs and had full responsibility and control over accomplishing the service requested.
*570 In Super Construction Co. v. New Orleans Levee Board, 286 So.2d 134 (La. App. 4 Cir. 1973) the furnisher of equipment and labor was entitled to recover against the contractor's surety where it furnished services to a subcontractor on a public works project at a certain price per hour and had responsibility for the control and supervision of the job. The court did not characterize the contractor's use of the equipment as a rental transaction. The facts herein are similar. We disagree with Maryland's contention that only persons providing materials which are incorporated into the project are covered. That clause merely sets out one class of persons covered by the provisions of the statute. The statute clearly provides protection to persons due money for doing work and performing labor on the project. See LSA-R.S. 38:2241-2242, supra.
For the foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 38:2241 was amended and re-enacted by Acts 1975, No. 344, § 1 to add after the words "public works," in line 10 and before the words "or for" in line 12 the clause, "* * * or for transportation and delivery of such materials or supplies to the site of the job by a for hire carrier, * * *." The amendment is not applicable to this case.