SHORTESS, Judge.
The State of Louisiana entered into a public works contract on January 26, 1981, with Pegasus Industries, Inc., a general contractor, wherein Pegasus agreed to build a boat launching ramp and parking area at Louisiana Highway 652, near Raceland in LaFourche Parish. Pegasus contracted with Wayne M. Valliant, d/b/a Valliant Excavating, and Westbank Electric, Inc. (appellees), to rent certain movable equipment, namely backhoes and dozers, for use during construction of the project. As the surety for Pegasus, Balboa Insurance Company (Balboa) filed a statutory bond in accordance with La.R.S. 38:2241. Pegasus defaulted and Balboa was called upon to complete the construction. Although Pegasus used appellees’ backhoes and dozers on the project, their rental charges were never paid.
Appellees filed separate suits on September 9, 1981, against the same defendants, namely, the State of Louisiana, Department of Transportation and Development, Pegasus Industries, and Balboa Insurance Company (appellant). Appellees claimed that Balboa was liable for the rental charges under the statutory bond and pursuant to La.R.S. 38:2241, et seq. Balboa did not file an answer in either suit and appellees entered a preliminary default on December 10, 1981. On January 6, 1982, appellees confirmed these preliminary defaults, and judgments were signed awarding Valliant $6,692.50 and Westbank Electric $6,692.50. An amended judgment was signed on January 14, 1982, reducing the award of West-bank Electric to $4,488.00[1]. Thereafter, Balboa filed motions for new trials in both suits, which were denied. Balboa perfected this consolidated suspensive appeal.
The sole issue on appeal is whether Balboa may be held liable under its statutory bond and the Public Works Statute, La.R.S. 38:2241, et seq., for rental charges on movable equipment. The contractor’s bond which forms the basis of Balboa’s alleged obligation to appellees contains the following language:
“It is expressly understood and agreed by and between the parties to this Bond that the same is given in accordance with Louisiana Revised Statutes of 1950, Title 38, Chapter 10, Sections 2241 to 2248 inclusive.”
Balboa alleges that claims for rental of movable equipment are not covered by such a customary contractor’s bond, given in accordance with these statutory provisions. We agree.
Appellees maintain that under La.R.S. 38:2241 and 2242, lessors of movable equipment should enjoy a lien or privilege against the owner, the contractor, or the surety in a public works contract. La.R.S. 38:2241 mandates that the general contractor on a public work obtain a surety bond to cover payment for:
“... all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works, or for transportation and delivery of such materials or supplies to the site of the job by a for hire carrier, or for furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works.”
This statute does not grant a lien or privilege to lessors of movable equipment. Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545 (1941); Ville Platte Concrete v. Western Cas. & Sur., 399 So.2d 1320 (La.App. 3rd Cir.1981); Mayeaux v. Lamco, Inc., 180 So.2d 425 (La.App. 1st Cir.1965); Patent Scaffolding Co. v. Ross Corporation, 172 So.2d 364 (La.App. 4th Cir.1965), writ refused, 247 La. 870, 175 So.2d 108 (1965); Martinolich v. Albert, 143 So.2d 745 (La.App. 1st Cir.1962). The Third Cir *1207 cuit was faced with very similar facts and allegations in the recent case of Ville Platte, supra, and it stated:
“It is well settled that unless the items which compose the plaintiff’s claim form a component part of the completed structure or are consumed in the work, they are not lienable nor are they covered by the contractor’s bond given under the provisions of LSA-R.S. 38:2241. Further, it has been held under this rule that an amount claimed for rental of equipment is not covered by a bond given in accordance with LSA-R.S. 38:2241. Martinolich v. Albert, 143 So.2d 745 (La.App. 1 Cir.1962); Mayeaux v. Lamco, Inc., 180 So.2d 425 (La.App. 1 Cir.1965); Patent Scaffolding Company, Inc. v. Ross Corporation, 172 So.2d 364 (La.App. 4 Cir.1965); Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545 (1941).” 399 So.2d at 1320
Further, La.R.S. 38:2242 specifically excludes lessors of movable equipment from its coverage. It provides liens to the following groups:
“Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration or repair of any public works, or furnishing oil, gas, electricity, or other materials or supplies for use in machines used in the construction, alteration, or repair of any public works, excluding persons to whom money is due for the lease or rental of movable property, but including any architect or consulting engineer employed by the owner or his duly authorized agent or representative or engaged by the contractor or subcontractor in connection with the building of any public work, ...” [Emphasis ours]
Appellees also contend that La.R.S. 38:2247 provides them with a direct action against Balboa, as the surety, regardless of our determination that they are not entitled to a lien under La.R.S. 38:2241, 2242. La. R.S. 38:2247 provides:
“Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond ...”
This court addressed this issue in Mayeaux v. Lamco, supra, wherein we stated:
“However, there is nothing in 2247 to enlarge the class of persons entitled to coverage as set forth in 2242. The phrase in 2247 ‘any person or claimant within the terms of this Part’ can only refer back to the class of persons specified in 2242 from which plaintiff was specifically excluded. Therefore, plaintiff is not entitled to recover the rental of manned equipment either by lien against monies held by the governing authority or directly against the surety. Statutory bonds are required to be strictly construed in accord with the statutory provisions governing them. Long Bell Lumber Company v. S.D. Carr Const. Co., 172 La. 182, 133 So. 438; Terrebonne Lumber & Supply Co. v. Favret, La.App., 2 So.2d 256.”
180 So.2d at 428
Therefore, we find no support in the jurisprudence or the language of the statute which would permit appellees to recover. Accordingly, we reverse the decisions of the trial court, and appellees’ suits are dismissed as to Balboa. All costs are assessed to appellees.
REVERSED AND RENDERED.

. Judgment was signed on January 6, 1982, awarding Westbank Electric $6,692.50. A motion to amend said judgment due to a typographical error was filed on January 11, 1981, wherein Westbank Electric requested that the court amend the judgment to correct the amount of the award to $4,488.00. The motion, was granted, resulting in the signed judgment of January 14, 1982.