WALTZER, Judge.
Woodrow Wilson is a general contractor for the Aquarium of the Americas, a public works project in Orleans Parish. James Teague, Inc. entered into an oral contract to provide concrete pumping services with Woodrow Wilson and Sterling Doucette, a subcontractor of Woodrow Wilson. Teag-ue, after performing services and after failure of payment, filed a claim against Woodrow Wilson with the recorder of mortgages in Orleans Parish under La.R.S. 38:2241, et seq. Wilson commenced an action to have the lien lifted, claiming that Teague did not have a claim under La.R.S. 38:2242, because as a lessor of manned equipment they did not have the right to a privilege under the act unless they leased the equipment to the owner by written contract. Teague argued that he furnished pumping services rather than rental of equipment and, therefore, they have the right to a privilege under the Act. The trial court held that Teague had a lienable right.
La.R.S. 38:2242 defines who may be a claimant under the Public Works Act. That section, as it reads currently, provides:
A.(l) “Claimant”, as used in this Chapter, means any person to whom money is due pursuant to a contract with the owner, or a contractor or subcontractor for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or for transporting and delivering such materials or supplies to the site of the job by a for-hire carrier, or for furnishing oil, gas, electricity, or other materials or supplies for use in machines used in the construction, alteration, or repair of any public works, including persons to whom money is due for the lease or rental of movable property, used at the site of the immovable and leased to the owner by written contract, and including registered or certified surveyors or engineers, or licensed architects or their professional subconsultants, employed by the owner, or by the contractor or subcontractor in connection with the building of any public work.
This Act was first enacted in 1950. The provision, even as initially passed, always provided a lienable right to persons owed money for “doing work” or “performing labor”. The provision has been amended and changed several times since originally passed. Most of the changes have expanded the category of claimants. In 1966, architects and consulting engineers were added to the list of people with a lienable right. In 1979, the list was expanded to include furnishers of “oil, gas, electricity, or other materials ...” In 1985, the list was expanded to include those persons owed money “for the transporting and delivering such materials or supplies to the site of the job by a for-hire carrier.”
The legislature’s first amendment, however, expressly excluded from the list “persons to whom money is due for the lease or rental of movable property.” Thus, courts after 1960 often had to determine whether the party seeking a lienable right provided services [“did work” or “performed labor”] or simply rented equipment.
The 1960 amendment was changed in 1984 to the Act’s current reading, which includes as a claimant persons owed money for the lease of movable property used at *1230 the site leased to the owner by written contract. In the case before the court, Teague did not have a written contract with the owner, the Audubon Commission, and thus does not qualify as a claimant under the 1984 amendment. This court is thus left with the same determination made by earlier courts, whether Teague was a person “doing work” or “performing labor”, or a lessor of equipment.
The Public Works Statute must be strictly construed. Thigpen Construction v. Parish of Jefferson, 560 So.2d 947 (La.App. 5th, 1990); Adams v. Magnolia Construction, 431 So.2d 38 (La.App. 1st, 1983).
The Louisiana legislature has not provided a definition of “doing work” or “performing labor.” Nor has the legislature provided any kind of test for distinguishing those persons doing work and performing labor and those persons leasing equipment.
Pyburn v. Popich Marine Construction, Inc., 186 So.2d 674 (La.App. 4th, 1966) held that “work” had a more comprehensive meaning than the word “labor”, and included “any task, duty, or the like, and to cover all forms of physical or mental exertion or both combined.” Id. at 673. A distinction was made between “work” and “labor”. Where labor would most often apply to a type of physical service, work would cover both physical and mental exertion. Later interpretations have characterized different types of services as both “work” and “labor” without drawing a distinction between the two. In Super Construction Co. v. New Orleans Levee Bd., 286 So.2d 134 (La.App. 4th, 1973), a distinction was drawn between providers of services and lessors of equipment. The court ruled that where a person provides equipment and labor on a cost plus basis, that person qualifies as someone “doing work” and “performing labor”, and thus becomes an appropriate claimant under La.R.S. 38:2242. Super Construction orally agreed to provide services for the construction of a part of the levee. Super furnished both the equipment and labor necessary to operate it at a cost of $13.50 per hour. This court concluded “that the plaintiff furnished equipment and labor on a cost plus basis and as such is entitled to recover against the prime contractor.” Id. In Harvey Canal Towing v. Gulf South Dredging, 345 So.2d 567 (La.App. 4th, 1977), Harvey Towing provided towing services, which consisted of towing equipment manned by its own skilled operators. While the appellees in that case argued that Harvey Towing was simply a lessor of manned equipment, the court stated that, “A distinction must be drawn between the renter of machinery and equipment and the hiring of a carrier who is in the business of providing towing services.”
The facts of this case closely resemble those of earlier cases decided by this Circuit. Teague provided Woodrow Wilson and Sterling Doucette with concrete pumping services — concrete pumping equipment and trucks completely manned by their own skilled operators. The operator set up the equipment and was always in complete control of its operation. Teague charged a base rate for both the equipment and the operator for up to eight hours. After eight hours, Teague charged only for overtime for the operator. In addition, the affidavits presented clearly show that Teague charges state and local taxes when they rent equipment, as required by law, but does not charge such taxes when they provide services. The invoices show that no state or local rental taxes were ever charged. Furthermore, the invoices indicate other charges such as yards pumped and mileage. From these factors, the relationship between Teague and Woodrow Wilson is one of a company providing a service, and not of a lessor of equipment. While Teague does rent some of its equipment, such as cranes, its concrete pumping equipment is not available for rent only, due to its highly complicated operation. Thus, with regard to its concrete pumping equipment, Teague is a performer of labor, and not a lessor of equipment.
Appellant cites Ville Platte Concrete v. Western Casualty and Surety, 399 So.2d 1320 (La.App. 3rd, 1981). There a material-man was not entitled to payment for rental equipment provided to the general contractor under public contracts law. Since the *1231 items leased did not form a component part of the completed structure or were consumed in the work, they were not lienable. In Ville Platte the court subtracted rental charges for manned equipment from a claim for work done and labor performed. However, Ville Platte does not address the nature of the charge for rent or services, whether Ville Platte was in the sole business of renting equipment, how much control the operator had, or whether state and local tax for equipment rental was also charged.
In the instant case, Teague did not charge any tax for equipment rental in accordance with its business practices and state and local law. Teague provided skilled operators who had complete control over equipment and Teague’s business policy does not offer the concrete pumping equipment for lease only.
For the foregoing reasons, this court finds Teague to be a person who is owed money for “doing work” and “performing labor” and thus a proper claimant under La.R.S. 38:2242.
The judgment of the trial court is AFFIRMED. Each party to bear his own costs.
AFFIRMED.