631 So.2d 1299 (1994)
JAMES A. TEAGUE RENTAL EQUIPMENT, INC.
v.
AUDUBON PARK COMMISSION, et al.
No. 93-CA-1728.
Court of Appeal of Louisiana, Fourth Circuit.
January 27, 1994.
George K. Anding, John S. McLindon, Rainer & Anding, Baton Rouge, for appellants.
Robert D. Hoover, Hoover & Collins, Baton Rouge, for appellant.
*1300 Before SCHOTT, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Defendants, Woodrow Wilson Construction Company, Inc. and Travelers Indemnity Company, appeal the trial court's granting summary judgment in favor of plaintiff, James A. Teague Rental Equipment, Inc. Teague appeals the trial court judgment which denied its motion for sanctions. Teague also answers this appeal requesting attorney fees for frivolous appeal.
In 1988, Teague provided concrete pumping services to Sterling Doucette Builders, Inc., a subcontractor involved in the construction of the Aquarium of the Americas in New Orleans. The owner of this facility is the Audubon Park Commission and the general contractor for this project was Woodrow Wilson Construction Company, Inc.
Following non-payment by Doucette, Teague filed a statement of claim with the recorder of mortgages under the provisions of the Louisiana Public Works Act, LSA-R.S. 38:2241 et seq. Subsequently, Teague filed a petition to enforce this lien against Audubon Park Commission, Woodrow Wilson Construction and Travelers Indemnity Company, the surety for the aquarium construction project.
Wilson filed a rule to show cause why the lien should not be removed from the records because, according to Wilson, Teague did not have a lienable right. Wilson argued that lessors of manned equipment do not have the right to a privilege under the Public Works Act unless they have leased the equipment to the owner by written contract. Teague argued that it has a claim because it was not leasing equipment, but was furnishing concrete pumping services. The trial judge agreed with Teague and dismissed the rule finding that Teague had a lienable right.
This court affirmed that judgment and the Louisiana Supreme Court denied Wilson' writ application. Woodrow Wilson Construction Company, Inc. v. James A. Teague Rental Equipment, Inc., 598 So.2d 1228 (La. App. 4th Cir.1992), writ denied, 604 So.2d 968 (La.1992). This court held that Teague performed labor and was not a lessor of equipment and, therefore, was a proper claimant under the Louisiana Public Works Act.
Wilson and Travelers then filed an answer to Teague's petition to enforce the lien. In response, Teague filed a motion to strike certain paragraphs from Wilson and Travelers' answer as well as a motion for summary judgment and, later, a motion for sanctions. On May 26, 1993, the trial judge granted plaintiff's motion and rendered judgment against Wilson and Travelers for $5,962.00, plus interest from the date plaintiff's lien was filed. The trial judge denied plaintiff's motion for sanctions.
Defendants perfect this appeal. Plaintiff also appeals the denial of its motion for sanctions and further answered the appeal by requesting damages for a frivolous appeal. See, La.C.C.Pro. Art. 2164.
Defendants present two arguments on appeal. First they assert that since Wilson did not guarantee the payment of plaintiff's outstanding invoice to the subcontractor, a genuine issue of material fact exists requiring a trial on the merits. Second, they argue that plaintiff does not have a lienable right under the Public Works Act because, as the lessor of equipment, it did not lease to the owner by written contract, citing La.R.S. 38:2242. We disagree with both arguments.
The second argument has already been litigated. This court held that plaintiff was a provider of services rather than a lessor of equipment, and thus had a lienable right under the Public Works Statute. Woodrow Wilson Construction Company, Inc. v. James A. Teague Rental Equipment, Inc., supra. Wilson's argument on this issue is nothing more than an attempt to relitigate that which has already been decided.
Because plaintiff has a valid lien, Wilson's second argument is also without merit. Once a claimant has a valid lien, the Public Works Statute provides that he has a direct right of action against the general contractor and the surety. La.R.S. 38:2247. It is immaterial whether a guarantee was given by the contractor or anyone else. The contractor executes the bond as principal *1301 along with the surety. La.R.S. 38:2241(A). Thus the contractor is personally liable on the bond. The Public Works Act would be meaningless with respect to the claims of materialmen and laborers if there would be no direct right of action against the contractor and the surety. Unlike the Private Works Act the lien is unenforceable against property owned by the public and, therefore, the necessity of a direct right of action against the contractor/surety.

SANCTIONS
At the trial level, plaintiff requested sanctions pursuant to Article 863 of the Code of Civil Procedure. Sanctions were denied. We hold the trial court erred.
Once the issue of whether Teague had a lienable right was decided by this Court and writs were refused by the Supreme Court, we cannot understand Wilson's persistence in raising the issue again. In paragraph 6 of Wilson's answer to plaintiff's petition, filed after the issue was decided, Wilson asserted that Teague "is not a proper lien claimant." Again in paragraph 11 Wilson made the same assertion. In its memorandum in opposition to plaintiff's motion for summary judgment, Wilson again argues the incorrectness of this court's prior decision.
We hold that Wilson's persistence in attempting to relitigate an issue that has been decided by a judgment that is final and definitive constitutes a violation of Code of Civil Procedure Article 863. The above cited pleadings, signed by Wilson's attorneys, fail to support the certifications imposed by Article 863(B),[1] and are subject to sanctions. We remand to the trial court for a determination of the proper damages.
We also hold that Wilson's appeal of this same issue constitutes a frivolous appeal as contemplated by Code of Civil Procedure Article 2164, and award plaintiff attorney fees in the amount of $2,000.00.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART; RENDERED IN PART.
NOTES
[1] Article 863(B) provides:

"B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.